# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| DION A. TEMPLE, | : | Civil No. 3:11-CV-79 |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | (Judge Caputo) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| VITO GEROULO, | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

### I.   Statement of Facts and of the Case

This is a *pro se* civil rights complaint brought by a state prisoner, Dion A. Temple, arising out of a 2007 criminal conviction in the Court of Common Pleas of Lackawanna County. Temple's complaint, a spare 2-page document, names the presiding judge in his state criminal case as the sole defendant in this complaint.(Doc. 1.) Citing various federal constitutional provisions, and several federal criminal statutes Temple alleges that the judge violated his rights in the course of his criminal trial which culminated in 2007. (Id.) Temple's complaint then seeks cryptic relief, stating only that Temple wishes that this court "grant this complaint". (Id.) Notably absent from the complaint is any indication that Temple appealed his conviction, sought post-conviction relief, or has taken any other legal action over this past three years to address this alleged injustice. (Id.)

Along with his complaint, Temple filed a motion for release from custody.(Doc. 3.) For the reasons set forth below, this request will be denied.

## II. Discussion

### A. Temple Is Not Entitled to Release Pending Resolution of this Petition

As an inmate serving a criminal sentence, Temple must make a demanding showing to justify release from custody pending litigation of this civil matter.

At the outset, we note that the nature of Temple's complaint is entirely unclear. However, if Temple has filed this action as a private criminal complaint, it has long been held that the federal rules of criminal procedure do not permit the filing of private criminal complaint, but only allow the United States Attorney to file criminal charges in federal court. United States v. Panza, 381 F.Supp. 1133 (W.D. Pa. 1974). Similarly, if Temple is filing this action as a civil complaint, then it is evident that this pleading fails for two reasons: First, it is clear that: "[a] judicial officer in the performance of his or her duties has absolute immunity from suit. Mireles v. Waco, 502 U.S. 9, 12 (1991)." Kwasnik v. Leblon, 228 F.App'x 238, 243 (3d Cir. 2007). Second, Temple's complaint, which recites events that occurred more than three years ago is clearly barred by the two-year statute of limitations which applies to civil rights cases. Therefore, these meritless claims would not support a request for bail.

2

It may be that Temple's pleading is in the nature of a habeas corpus petition filed by a state prisoner challenging his criminal conviction. However, with respect to such bail requests by inmate habeas petitioners:

> [C]ourts that have been faced with requests for bail prior to ruling on a habeas petition have developed standards requiring that a habeas petitioner (1) make out a clear case for habeas relief on the law and facts, or (2) establish that exceptional circumstances exist warranting special treatment, or both. See, e.g., Eaton v. Holbrook, 671 F.2d 670, 670 (1st Cir.1982); Iuteri v. Nardoza, 662 F.2d 159, 161 (2d Cir.1981); Calley v. Callaway, 496 F.2d 701, 702 (5th Cir.1974).

Lucas v. Hadden, 790 F.2d 365, 367 (3d Cir. 1986).

In this case, we cannot even discern whether Temple's pleading is a habeas corpus petition, much less determine whether it is a petition which has arguable merit. Therefore, at the outset, Temple fails to meet the first prerequisite for bail as a habeas petitioner: he fails to make out a clear case for habeas relief on the law and facts. Nor does Temple allege, or prove, any "exceptional circumstances" justifying release from custody in his motion. Thus, he fails to make any claim that would bring his petition within that narrow realm of extraordinary cases where release pending resolution of the habeas petition is appropriate.

In short, until Temple makes out a clear case for habeas relief on the law and facts, and demonstrates that exceptional circumstances exist warranting special

treatment, we cannot entertain his motion for release. Therefore, the motion must be denied.

### III. Conclusion

For the reasons set forth above, IT IS ORDERED that Temple's motion for bail (Doc. 3) is DENIED.

SO ORDERED this 18th day of January, 2011.

                                              *S/Martin C. Carlson*
                                              Martin C. Carlson
                                              United States Magistrate Judge