**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

DION A. TEMPLE,      :

   Plaintiff,      :

            :  CIVIL ACTION NO. 3:11-cv-79

    v.      :

            :

VITO GEROULO,      :  (JUDGE CAPUTO)

            :  (MAGISTRATE JUDGE CARLSON)

   Defendant.     :

## MEMORANDUM

Presently before the Court is Magistrate Judge Blewitt's Report and Recommendation ("R & R") of January 19, 2011 (Doc. 10) and Plaintiff's Objections (Doc. 11), as well as Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docs. 2). Magistrate Judge Carlson recommended that Plaintiff's Motion to Proceed *in forma pauperis* be granted solely for the purpose of filing this action. The Magistrate Judge also recommended that Plaintiff's Complaint be dismissed but that Plaintiff be granted leave to file a petition for habeas corpus. The Court will adopt Magistrate Judge Carlson's R & R for the reasons discussed more fully below.

## BACKGROUND

As the Magistrate Judge stated in his R&R, the legal and factual bases of Plaintiff's Complaint and the relief sought are somewhat difficult to decipher. The Complaint, brought against the judge at Plaintiff's criminal trial, arises out of Plaintiff's 2007 conviction in the Court of Common Pleas of Lackawanna County. Plaintiff appears to be alleging that there were procedural errors made with respect to his trial that entitle him to relief under 42 U.S.C. § 1983 under a number of constitutional provisions, specifically, the "4th, 5th, 6th,

8th, 13th, [and] 14th Amendments." Simultaneous with filing his *pro se* Compliant, Plaintiff applied to proceed *in forma pauperis*. (Doc. 2 .)  As a result, the Magistrate Judge screened Plaintiff's Complaint under 28 U.S.C. § 1915, which includes the requirement that a complaint filed *in forma pauperis* be dismissed if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

Applying the Federal Rules of Civil Procedure 12(b)(6) standard to Plaintiff's Complaint, the Magistrate Judge in his R&R first recommended the dismissal of the Complaint on three grounds: (1) private individuals cannot bring criminal complaints; (2) defendant was entitled to judicial immunity; and (3) the complaint was time-barred.  The Magistrate Judge further recommended that the Complaint be dismissed without prejudice so that Plaintiff be able to file a proper habeas corpus petition pursuant to 28 U.S.C. § 2254 if that was Plaintiff's actual intent.

Plaintiff then filed his Objections to the R&R on January 26, 2011. (Doc. 11.)  In his Objections, Plaintiff attempts to add Kurt Lynott, the Assistant District Attorney in Plaintiff's criminal trial, to his Complaint.  Plaintiff also argues that his Complaint is not time-barred because he only learned of the harm in August 2009.   Finally, Plaintiff brings new allegations in his Objections, including claims that his sentencing was unlawful.   For purposes of this Opinion, the Court will allow the addition of Mr. Lynott to Plaintiff's Complaint.

## STANDARDS OF REVIEW

### I.     Objections to the Magistrate Judge's Report

Where objections to the magistrate judge's report are filed, the Court must conduct

a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## II.    Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a

3

complaint to set forth information from which each element of a claim may be inferred).  In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555).  "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8."  *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss.  *Id.*  The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of her claims.  *See Scheuer v. Rhodes,*

4

416 U.S. 232, 236 (1974).  The Court does not consider whether a plaintiff will ultimately prevail.  *See id.*  A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim.  *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

The Recommendations made by Magistrate Judge Carlson will be adopted in full.

First, the Magistrate Judge found that if Plaintiff's Complaint was interpreted as attempting to bring a criminal case against Defendant Geroulo, it has been long recognized that private citizens have no right to institute criminal prosecutions in federal court. *See, e.g., U.S. v. Panza*, 381 F. Supp. 1133 (W.D. Pa. 1974).  Therefore, Plaintiff's Complaint would have to be dismissed.

Second, the Magistrate Judge, conducting a statute of limitations analysis as directed under 28 U.S.C. § 1915, found that Plaintiff's Complaint was time-barred.

42 U.S.C. § 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Because § 1983 does not contain a statute of limitations, federal courts rely on 42 U.S.C. § 1988, which requires using the applicable statute of limitations for the state where the federal court sits to provide the missing provision unless its application is in violation of the United States Constitution or federal law. *Lake v. Arnold*, 232 F. 3d 360, 369 (3d Cir. 2000). The United States Supreme Court has held that, to determine which state limitations period to use in federal civil rights cases, the federal court is to look to the residual statute of

limitations for *personal injury* actions. *Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985).  In Pennsylvania, according to 42 Pa. C.S. § 5524, a personal injury must be commenced within two (2) years.  However, for federal causes of action, the accrual date is a matter not of state, but of federal law. *Romero v. Allstate Corp.*, 404 F.3d 212, 221 (3d Cir. 2005). Furthermore, "in the absence of a contrary directive from Congress," federal courts apply the "federal discovery rule," which dictates that a federal cause of action accrues "when the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim." *Romero*, 404 F.3d at 222.

Here, the Magistrate Judge found that Plaintiff's claims were time-barred since the actions he complains of occurred during his trial, which concluded in 2007, and Plaintiff did not file his Complaint until 2011, well beyond the two-year statute of limitations for personal injury under Pennsylvania law.  However, Plaintiff in his Objections contends that he did not learn of the violations of his rights until he received the file from the Clerk of Records in August 2009.  However, the violations Plaintiff cites in his Complaint, e.g. lack of an Indictment, etc., would have been known to Plaintiff at the time of his criminal trial. Therefore, the Court agrees with the Magistrate Judge that Plaintiff's Complaint is time-barred.

Finally, even assuming *arguendo* that Plaintiff's Complaint was not time-barred, Defendant Geroulo is entitled to judicial immunity and Defendant Lynott is entitled to prosecutorial immunity.

The United States Supreme Court has long recognized that officials performing judicial, quasi-judicial, and prosecutorial functions are entitled to some protection from personal liability for acts taken in their official capacities.  Thus, the Court has held that both

judges, *Mireles v. Waco*, 502 U.S. 9 (1991), and prosecutors, *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976), are entitled to immunity for actions they take as part of their official duties. For judicial immunity to apply, only two requirements must be met: 1) jurisdiction over the dispute, and 2) a judicial act. *Wallace v. Powell*, No. 3:09-cv-286, 2009 WL 4051974, at *7 (M.D. Pa. Nov. 20, 2009).  As to the first, a judge is not immune only when he has acted in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349 (1978) (citation omitted). As to the second prong, judicial immunity extends only to "judicial acts," not administrative, executive, or legislative ones. *Id.* at 360–61, 98 S.Ct. 1099.  Prosecutors, on the other hand, have absolute immunity for conduct necessary to preparation and prosecution of a case. These requirements being met here, Defendant Geroulo, the judge in Plaintiff's criminal trial, is entitled to judicial immunity and Defendant Lynott, the prosecutor in Plaintiff's criminal trial, is entitled to prosecutorial immunity.

## <u>CONCLUSION</u>

   For the reasons stated above, the Magistrate Judge's R&R will be adopted in full and Plaintiff's Complaint will be dismissed without prejudice.  If Plaintiff intends to file a habeas corpus petition pursuant to 28 U.S.C. § 2254, he would be well-advised to follow the useful procedural roadmap provided by Magistrate Judge Carlson in his R&R.  An appropriate order follows.


  4/25/11                                                          /s/ A. Richard Caputo
Date                                                              A. Richard Caputo
                                                                 United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| DION A. TEMPLE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 3:11-cv-79 |
| v. | : | |
| | : | |
| VITO GEROULO, | : | (JUDGE CAPUTO) |
| | : | |
| | : | (MAGISTRATE JUDGE CARLSON) |
| Defendant. | : | |

## ORDER

**NOW**, this ___25th___ day of April, 2011, after consideration of Magistrate Judge Carlson's Report and Recommendation (Doc. 10) recommending that Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 2) be granted solely for purposes of filing this action and that Plaintiff's Complaint (Doc. 1) be dismissed without prejudice, as well as Plaintiff's Objections, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Motion to Proceed *in forma pauperis* is **GRANTED** solely for the purposes of filing this action.

2. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**.

3. The Report and Recommendation is **ADOPTED**.

4. The Complaint is **DISMISSED without prejudice**.

 /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge